(Pleito No. 36.—Fallado el 31 de Marzo de 1900.)

Lópe contra Banco.

Recurso contra sentencia dictada por el Tribunal de Distrito de San Juan.

1.—Recursos. En un recurso interpuesto el recurrente deberá especificar clara y terminantemente las leyes ó doctrinas legales que se supongan infringidas, así como también el concepto en que lo fueron. Un error para que justifique un recurso tiene que ser fundamental.

2.—Hipotecas. El Real Decreto de 26 de Julio sobre suspensión de términos judiciales en procedimientos sumarios no puede privar á una persona del ejercicio de algún recurso ó derecho concedido, y una vez pronunciado el fallo los procedimientos subsiguientes no podrán anularse. El artículo 1858 de la Ley de Enjuiciamiento Civil queda derogado por el 412 de la Ley Hipotecaria.

SENTENCIA.

En la Ciudad de San Juan de Puerto Rico, á treinta y uno de Marzo de mil novecientos, en el juicio declarativo de mayor cuantía seguido en el extinguido Juzgado de 1ª Instancia de Vega-Baja y en el Tribunal de Distrito de San Juan, por Don Armando López Landrón, propietario, vecino de esta Ciudad, contra el Banco Territorial y Agrícola de Puerto Rico, sobre nulidad del juicio sumarísimo que, según las prescripciones de la Ley hipotecaria y su Reglamento, siguiera éste contra aquél; pendiente ante este Tribunal Supremo en virtud de recurso de casación, por infracción de ley, interpuesto por el demandante, dirigido y representado por el Letrado Don Rafael López Landrón, habiéndolo estado el Banco Territorial y Agrícola por el Letrado Don Juan Guzmán Benitez.—Resultando: Que en treinta de Octubre de mil ochocientos noventa y ocho, Don Armando López Landrón promovió demanda de mayor cuantía ante el suprimido Juzgado de Vega-Baja contra el Banco Territorial y Agrícola de Puerto Rico, deduciendo la pretensión de que en definitiva se declare nulo y de ningún valor ni efecto el primer requerimiento judicial de pago por la totalidad de principal, intereses y costas, y asimismo nulas y de ningún

valor ni efecto legal todas las actuaciones practicadas desde el día primero de Mayo de mil ochocientos noventa y ocho y especial y señaladamente el auto de adjudicación en pago del treinta de Julio de dicho año y su asiento de inscripción en el Registro de la Propiedad, extendido en el tomo 127 del archivo 7º de Vega-Baja, fólio 27, mandando que se proceda á su cancelación, condenando al Banco Territorial y Agrícola á la indemnización de los daños y perjuicios ocasionados y al pago de todas las costas causadas con las actuaciones nulas y las que se causen hasta volver las cosas al mismo sér y estado de derecho que tenían el día del primer requerimiento de pago judicial.—Resultando: Que el actor, en apoyo de su pretensión, alegó los siguientes hechos: Que con motivo de la ruptura de relaciones internacionales entre los Estados Unidos del Norte América y las Islas de Cuba y Puerto Rico, surgió el descrédito y la crisis más aguda que hayan podido experimentar desde tiempos remotos. Que después del día primero de Mayo de mil ochocientos noventa y ocho, á pesar de la aflictiva situación que atravesaba el país, con- tinuó el Banco Territorial gestionando con la mayor festina- ción el procedimiento ejecutivo para obtener el cobro del capital, intereses y costas, señalándose el veinte y ocho de dicho mes y año para la segunda subasta y habiendo quedado desierta, lo mismo que la tercera verificada el diez y ocho de Julio siguiente, pidió y obtuvo la adjudicación de los bienes embargados con fecha veinte y dos del mismo mes, confirién- dose la posesión judicial en veinte de Agosto siguiente, cuyo acto de adjudicación fué inscrito en el Registro de la Propie- dad; que por Real Decreto de veinte y seis de Julio del año mencionado, se acordó dejar sin efecto los términos judiciales ó trámites corridos desde el primero de Mayo; que con arreglo á lo estipulado en la escritura hipotecaria, el Banco se obligó á requerir de pago al deudor tan sólo por los dos plazos vencidos y no satisfechos, por lo que no estaban ven- cidos los otros, y por lo tanto carecía de acción para exigir la totalidad de la deuda; que por ello había protestado opor-

tunamente para dejar á salvo su derecho en el juicio ple-
nario y reclamar como reclama los daños y perjuicios que se
le han irrogado ; sentando como derecho : Que lo expresa-
mente estipulado en el contrato es Ley principal para las
partes, siendo exigibles las responsabilidades que voluntaria-
mente se ha impuesto el actor al establecer la demanda eje-
cutiva, y de conformidad con lo acordado por el Pleno de la
Audiencia en diez y seis de Septiembre de mil ochocientos
noventa y ocho, en vista de Real Decreto de veinte y seis
de Julio de ese año, quedando en suspenso todos los términos
desde el primero de Mayo del repetido año, y no ha podido
hacerse válidamente adjudicación, remate, posesión, ni apre-
mios de los bienes del deudor ; que el primer requerimien-
to de pago hecho contra lo estipulado envuelve nulidad, y
suspendidos los términos cesa la jurisdicción del Juez—Re-
sultando : Que, conferido traslado de la demanda, con
emplazamiento del Banco Territorial y Agrícola, llenó este
trámite presentando en el día veinte y siete de Diciembre de
mil ochocientos noventa y ocho, el escrito de contestación, al
que se acompañan : 1º la carta del Banco fechada en
veinte de Octubre de dicho año, dirigida al actor, ha-
ciéndole presente que el treinta de ese mes vencían dos
semestres y que si no se satisfacían, se consideraba ven-
cida toda la deuda ; 2º La carta contestación del deman-
dante, fecha el treinta y uno de Octubre citado, pidiendo
prórroga y respuesta negativa del Banco, reiterándole
que la falta de pago de dos semestres hace exigible
toda la deuda, é interesando que se declare sin lugar
la demanda, con imposición de las costas al actor, alegando
los siguientes hechos : Que por la escritura pública otorgada
el veinte y seis de Octubre de mil ochocientos noventa y
cinco, Don Armando López Landrón declaró haber recibido
del Banco cuatro mil pesos, cuya suma con los intereses del
nueve por ciento anual, debía devolver en un plazo de diez
años en las fechas expresadas en dicha escritura, dando en
hipoteca dos fincas rústicas, radicadas en el término de Vega-

Baja, barrios de Cabo-Caribe y Ceiba, con la expresa condición de que si el deudor dejase decaer dos semestres sin satisfacerlos al primer requerimiento que se le hiciera, se entendería vencida toda la deuda y en aptitud el Banco de cobrarla, con sus intereses, las costas y gastos que se originasen; que el deudor dejó de pagar el primer semestre vencido en treinta de Abril de mil ochocientos noventa y siete, y al acercarse el vencimiento del treinta de Octubre de ese año, el Banco escribió al actor la carta de veinte de Octubre anunciándole que iban á vencer dos semestres de su deuda, y si no lo verificaba quedaría vencida en su totalidad, adjuntándole al propio tiempo la liquidación de su deuda en treinta de Octubre con sus intereses que arroja la cifra de seiscientos cinco pesos cuarenta y cuatro centavos, y habiendo el treinta y uno de ese mes de Octubre el deudor presentado proposición de arreglo, que fué rechazada por el Banco, éste en veinte y uno de Diciembre de mil ochocientos noventa y siete inició juicio ejecutivo por los trámites de la Ley Hipotecaria y su Reglamento, en cobro de la totalidad de la deuda, ascendente á tres mil setecientos treinta y siete pesos sesenta y siete centavos, y requerido el deudor para pagar dentro de treinta días, no lo efectuó, siguiéndose el juicio por todos sus trámites, sacándose á subasta los bienes hipotecados; no habiéndose presentado postor en los tres remates celebrados en veinte y tres de Marzo, veinte y siete de Abril y diez y ocho de Julio de mil ochocientos noventa y ocho, pidió y obtuvo el Banco la adjudicación de los bienes en veinte y seis de Julio expresado; que al declararse la guerra en veinte y uno de Abril hacía once meses que el deudor no había pagado un semestre y seis el otro; y que en primero de Mayo de mil ochocientos noventa y ocho, el ejecutivo llevaba cinco meses de tramitación y se habían celebrado dos subastas; alegándose como derecho los artículos 1,091, 1,255 y 1,258 del Código Civil, el 128 de la Ley Hipotecaria y los 168, 169 y 175 de su Reglamento; y que el Decreto de veinte y seis de Julio sólo declara en suspenso los términos judiciales por obedecer la

nulidad de actuaciones á un diverso orden de ideas, por lo que no habiéndose concedido desde primero de Mayo término alguno al deudor por no permitir en esa fecha, el estado del juicio términos, ni plazos, no pudo subsistir la suspensión.—Resultando: Que corridos los traslados de réplica y dúplica, se abrió el pleito á prueba, practicándose en el período oportuno las probanzas articuladas por las partes, viniendo á los autos á instancia del demandante: 1º Certificación de los ejecutivos expresiva de que fué requerido de pago una sola vez por el Banco, por la cantidad total del crédito, intereses y costas, apercibido de procederse á la subasta de lo hipotecado sino verificaba el pago en el término de treinta días, el que sirvió de base al juicio; 2º El informe del corredor de comercio de esta plaza Don Gerónimo Zerbi manifestando, varía con frecuencia el tipo de cotización de las cédulas hipotecarias, siendo muy raras las ventas que se suscriben por ser documento al portador, prescindiéndose casi siempre del corredor; 3º Se agregó copia literal de la cuenta de préstamo del demandante con el Banco Territorial; y 4º Copia de la escritura de arrendamiento de las dos fincas hipotecadas, otorgada por Don Armando López Landrón á Don Eustasio Lasarte y Olazagaste.—Resultando: Que de las pruebas del Banco aparece; 1º Que el demandante ha reconocido ser suya la firma de la carta de treinta y uno de Octubre, que dirigiera al Banco y refiere el tercer resultando; 2º Certificación del actuario de constar en los ejecutivos las *Gacetas* de dos de Marzo, seis de Abril y veinte y cuatro de Junio último, y en ellas los edictos anunciando la subasta del inmueble hipotecado sobre el cual se estableció el juicio; 3º Certificación del escrito promoviendo dicho juicio, con arreglo al artículo 128 de la Ley Hipotecaria y 168 y siguientes de su Reglamento, auto recaído ordenando que vencidos los plazos de treinta de Abril y treinta de Octubre de mil ochocientos noventa y siete, resulta en deber el deudor tres mil setecientos treinta y siete pesos sesenta y siete centavos, se requiriera á Don Ar-

mando López Landrón en la forma expresada ya en el resultando anterior, diligencia íntegra del requerimiento hecho en diez de Enero de mil ochocientos noventa y ocho, escrito solicitando la subasta pasados los treinta días del requerimiento sin haber pagado, providencias y escritos solicitando y ordenando la expresada subasta para los veinte y tres de Marzo, veinte y siete Abril y veinte y tres Junio de dicho año, adjudicándose los bienes hipotecados al acreedor en veinte y seis de Julio, y dándosele posesión el veinte de Agosto.—Resultando: Que seguido el juicio en sus demás trámites de 1ª y 2ª instancia, habiéndose alegado en el de conclusiones del demandante que el Banco no había seguido el procedimiento que le imponían los artículos 199, 211 y 212 al 217 del Código de Comercio, el Real Decreto de veinte y ocho de Enero de mil ochocientos ochenta y seis y doce de Marzo de mil ochocientos ochenta y cinco, se dictó sentencia confirmatoria con las costas por el Tribunal de Distrito de San Juan, en la que se declara sin lugar la demanda, con las costas.—Resultando: Que contra esa sentencia interpuso Don Armando López Landrón recurso de casación, por infracción de ley, fundado en los artículos 78, 79 y 84 de la Orden General No. 118, los casos 1º de los artículos 1,687 y 1,698 y 1º y 7º del 1,690 de la Ley de Enjuiciamiento Civil, citando como infringidos: 1º El artículo 1,258 del Código Civil, porque la parte dispositiva del fallo ha recaído en contravención á las condiciones 1ª, 2ª, 3ª y 4ª del contrato de préstamo hipotecario; 2º El artículo 1,091 del Código Civil, porque viola la fuerza de ley del contrato de préstamo hipotecario; 3º El artículo 1,255 del Código Civil, porque no obstante su texto se prescinde de las cláusulas del contrato; 4º El Real Decreto de veinte y seis de Julio de mil ochocientos noventa y ocho, porque suspendidos los términos judiciales para el ejercicio de la jurisdicción, se siguió tramitando en el apremio; 5º Aplicación indebida del artículo 175 del Reglamento de la Ley Hipotecaria en el estado excepcional

de la guerra; 6º El artículo 128 de la Ley Hipotecaria por la misma razón; 7º Los artículos 168, 169 y 170 del Reglamento hipotecario, porque sin ser exigible la deuda ni estar toda vencida, ni ser líquida, se despachó la ejecución; 8º Aplicación indebida de las reglas procesales comunes en materia hipotecaria é infracción del artículo 1,558 de la Ley de Enjuiciamiento Civil, que señalan otras especiales en los negocios de comercio; y 9º Error en la apreciación de la prueba de cartas de veinte y treinta y uno de Octubre y cinco de Noviembre de mil ochocientos noventa y siete.—Resultando : Que celebrada la vista pública el recurrente sostuvo sus pretensiones que fueron impugnadas por la representación de la parte recurrida.—Vistos, siendo Ponente el Juez Asociado Don Luis de EaJo y Domínguez.—Considerando : Que no es procedente el recurso por error en la apreciación de la prueba de las cartas de veinte y treinta y uno de Octubre y cinco de Noviembre de mil ochocientos noventa y siete, acompañadas con la contestación de la demanda, que se citan en el 9º motivo del recurso, fundado en el caso 7º del artículo 1,690 de la Ley de Enjuiciamiento Civil y 79 de la Orden General, ni este Tribunal puede entrar en la errónea apreciación de todas las pruebas, porque no habiendo cumplido el recurrente con lo prescrito en el artículo 1,718 de dicha ley, en consonancia con los 4º y 9º del 1,727, no se citan : 1º La Ley, doctrina legal y regla de sana crítica relativas al valor legal de las pruebas que se suponen infringidas, ni se expresa el concepto, ni finalmente se ocupa en los motivos del recurso de otra prueba que la de las mencionadas cartas ; 2º Porque debiéndose apreciar las pruebas en conjunto, y no ocupándose el recurrente más que de las cartas en los motivos del recurso, no es suficiente ese elemento aislado de la prueba, en atención á que el error de hecho en la apreciaeión de pruebas que produzca casación ha de consistir en la afirmación de uno que sea base capital del fallo, habiendo en ella una equivocación que se demuestre evidentemente por

un documento ó acto auténtico, y claro es no reune esos requisitos el motivo 9°, único que de la prueba se ocupa, porque no se ataca en él la afirmación de un hecho, sino la apreciación que el Tribunal ha dado, no á los diversos elementos de prueba, como era preciso, sino á las cartas, las que no aparecen sea en los fundamentos de la sentencia la base capital del fallo ; y 3° Por no concretarse el error de hecho de la sentencia en relación con otros datos que constan en autos y al error se refieran.—Considerando que el Tribunal sentenciador no ha infringido los artículos 1,091, 1,255 y 1,258 del Código Civil, que se citan en los motivos 1°, 2° y 3° del recurso, porque la sentencia ha respetado la obligación nacida del contrato de préstamo hipotecario, que tiene fuerza de ley entre los contratantes, quienes deben cumplirla al tenor del mismo; y como los contratantes pueden establecer los pactos, las cláusulas y condiciones que tengan por conveniente, siempre que no sean contrarios á las leyes, á la moral ni al orden público; apreciado por el Tribunal sentenciador dejó decaer dos semestres á pesar de ser requerido para su pago, en uso de la facultad que la Ley le confiere para la apreciación del conjunto de pruebas, y habiendo quedado perfeccionado el contrato por el consentimiento, quedó el recurrente obligado al cumplimiento de lo pactado y todas sus consecuencias.—Considerando : Que iniciado en Diciembre de mil ochocientos noventa y siete el procedimiento sumario que para hacer efectivos los créditos hipotecarios determinan la Ley Hipotecaria y su Reglamento, no se han infringido el artículo 128 de dicha Ley, ni los 168, 169, 170 y 175 del Reglamento, porque practicado el requerimiento en diez de Enero, celebrada la primera subasta en veinte y tres de Marzo y anunciada la segunda en primero de Abril para el veinte y siete, por estar en vigor las repetidas Leyes y su Reglamento, y siendo exigible la deuda reclamada por lo expuesto en el anterior considerando, sin que haya sido objeto de este juicio ordinario en su período de discusión que la deuda no fuera

líquida, ese extremo no puede ser tampoco objeto de casación.
—Considerando: Que no se han aplicado indebidamente
las reglas procesales comunes en materia hipotecaria, porque
si bien el artículo 1558 de la Ley de Enjuiciamiento Civil
dice que las compañías ó instituciones de crédito legalmente
constituidas podrán exigir por la vía de apremio el pago de
sus créditos hipotecarios en la forma que determina el
Decreto ley de cinco de Febrero de mil ochocientos sesenta
y nueve, este privilegio no les priva del derecho de hacer
uso del procedimiento sumario hipotecario, que adoptara
el recurrido para reclamar su crédito, y especialmente por
quedar derogado dicho artículo y Ley de cinco de Febrero
por el artículo 412 de la Ley Hipotecaria, por no haberse
alegado esa reclamación en el período correspondiente del
juicio, y sí en el de conclusiones, en que no cabe ni procede
plantear otras cuestiones que las que lo han sido en el
período correspondiente.—Considerando: Que para aplicar
el Decreto de veinte y seis de Julio de mil ochocientos
noventa y ocho, sobre suspensión. de términos judiciales
es forzoso fijarse en la verdadera significación y alcance del
calificativo de judiciales, aplicado á los términos por la Ley
de Enjuiciamiento Civil, por el estudio y concordancia de
los preceptos de la Sección 6ª, título 6º, libro 1º, consagrada
especialmente á regularlos, toda vez que ni en ella ni en
ninguna otra de sus partes los ha definido esencialmente,
y por tanto debe entenderse para la aplicación de aquel
Decreto no privar á la parte del ejercicio de algún derecho ó
recurso para que no decaiga, dado el fin á que el Decreto
tiende, no pudiendo confundirlo con la actuación judicial
ordenada por la Ley, en la que el recurrente en el estado en
que se encontraba en 1º de Mayo, ni era ni podía ser parte,
ni por tanto perjudicársele en el ejercicio de algún derecho
ó recurso, por no concedérsele en ese estado dicha Ley;
siendo válidas por esas razones todas esas actuaciones y á
la par las anteriores, ó sea desde el inicio del juicio á la
segunda subasta, por haberse éstas practicado antes de la

fecha indicada.—Fallamos : que debemos declarar y declaramos no haber lugar al recurso de casación por infracción de ley, interpuesto por Don Armando López Landrón, al que condenamos en las costas, y líbrese al Tribunal del Distrito de San Juan la certificación correspondiente acompañada de los autos que remitió.—Así por esta nuestra sentencia, que se publicará en la *Gaceta Oficial*, lo pronunciamos, mandamos y firmamos.

José S. Quiñones.—José C. Hernández.—José Mª Figueras. —Juan Morera Martínez.—Luis de Ealo y Domínguez.

Publicación.—Leída y publicada fué la anterior sentencia por el Sr. Juez Asociado del Tribunal Supremo Don Luis de Ealo y Domínguez, Ponente en este recurso celebrando audiencia pública dicho Tribunal en el día de hoy, de que como Secretario certifico, en Puerto Rico á treinta y uno de Marzo de mil novecientos.—E. de J. López Gaztambide.